UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RIAN T. SMITH,

        Petitioner,

    -v-                           **No. 1:15-cv-00712**

JAMES THOMPSON, Superintendent of    **DECISION AND ORDER**
Collins Correctional Facility

        Respondent.

---

## I. Introduction

*Pro se* petitioner Rian T. Smith ("Petitioner"), an inmate confined at Collins Correctional Facility has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2254"). On May 3, 2012, Petitioner was convicted by guilty plea in New York State, Niagara County Court (Morinello, J.) of one count of criminal possession of a controlled substance in the fifth degree. He is currently serving a second felony offender sentence of four years' imprisonment, to be followed by two years of post-release supervision. For the reasons set forth below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

### A. The Arrest

On November 26, 2011, police officers executing a search warrant on a Niagara Falls apartment searched Petitioner and seized cocaine from his front pants pocket. (SR16.) The warrant did not include Petitioner's name, but he was "present" during the search.

(*Id.*) Police charged Petitioner by felony complaint with third- and fourth-degree criminal possession of a controlled substance, class B and C felonies, respectively. (SR1-2.) On March 22, 2012, Petitioner waived indictment and consented to being charged by a Superior Court Information with one count of third-degree criminal possession of a controlled substance.

**B.   The Guilty Plea**

On May 3, 2012, the County Court (Morinello, J.) found that Petitioner's admitted history of substance abuse had been a contributing factor to his criminal behavior, and that he was eligible for the judicial diversion program. (P. 4.)  In order to participate, Petitioner would be required to plead guilty to fifth-degree criminal possession of a controlled substance and to waive his right to appeal. Petitioner agreed to participate in the program, and agreed to the foregoing conditions. (P. 4-5, 8, 10-11, 14-15.)

Prior to Petitioner entering his guilty plea, Defense counsel confirmed that the People had provided sufficient discovery to enable him to advise Petitioner adequately, and he indicated that there was no defense to the charges. (P. 15.) Petitioner confirmed that he had sufficient time to speak with his attorney and that he was satisfied with counsel's services. (P. 12-14.) The County Court directed defense counsel to review the judicial diversion program's contract with Petitioner. (P. 17.) The County Court explained the

contract to Petitioner as well, specifically highlighting that the promised sentence would be based on whether Petitioner successfully completed the program. The contract required that Petitioner remain in drug treatment and lead a law-abiding life. (SR-97.) Under the contract's terms, Petitioner agreed to plead guilty to fifth-degree criminal possession of a controlled substance. In exchange for Petitioner's successful completion of the program, the County Court would allow Petitioner to withdraw his felony guilty plea and plead guilty to a misdemeanor in exchange for a conditional discharge. If Petitioner failed to complete the program, the County Court promised to sentence him, as a second felony offender, to a determinate prison term of four years followed by two years of post-release supervision. Petitioner confirmed that he understood the contract and signed it. (P. 14-15, 17-18.)

Since the terms of the plea bargain also required Petitioner to waive his right to appeal, the County Court explained that by signing the appeal waiver, Petitioner was giving up his right to appeal all issues other than his constitutional rights to a speedy trial, to challenge his competency and to challenge the imposition of an illegal sentence. (P. 8.) The County Court further explained that Petitioner was also giving up his right to ask for relief by means of a motion under New York Criminal Procedure Law ("C.P.L.") Article 330 or 440. (P. 8-9.) Petitioner confirmed that his attorney had explained the waiver to him and Petitioner signed it

in open court. (P. 9.) Next to Petitioner's signature was a pre-printed statement acknowledging that he was signing the waiver "freely and voluntarily, after having consulted with [his] attorney." (P. 8-10; SR-96.) The County Court found that Petitioner knowingly executed the waiver. (P. 10.)

With regard to the knowing, intelligent, and voluntary nature of his plea, Petitioner confirmed that no one, including his attorney, had threatened or forced him in any way to plead guilty and that he was pleading guilty freely and voluntarily. (P. 14.) Petitioner also confirmed that he understood that he was giving up his right to a jury trial, at which the People would have to prove his guilt beyond a reasonable doubt. (P. 13-14.)

### C. The Sentencing

After Petitioner violated the terms of the appeal several times, the County Court removed Petitioner from the diversion program. The County Court sentenced him on November 29, 2012, as a second felony offender, to a determinate prison term of four years plus two years of post-release supervision. (S. at 11.)

On November 17, 2012, prior to sentencing, Petitioner filed, *pro se*, an "Informal Request for 440 motion pursuant to CPL §440.10" along with an affidavit. (SR6-8.) In the affidavit, Petitioner averred that police violated his Fourth Amendment rights and that his counsel was ineffective for not investigating his case. (SR7.) The County Court denied the motion on the record at

Petitioner's sentencing, explaining that Petitioner specifically waived his right to challenge his conviction and sentence by means of a motion pursuant to C.P.L. Articles 330 or 440 when he pleaded guilty. (S. at 2.) The County Court also denied Petitioner's request to withdraw his guilty plea. (*Id.*)

**D. Petitioner's Direct Appeal**

Petitioner timely appealed his conviction and sentence to the Appellate Division, Fourth Department, of New York State Supreme Court (the "Fourth Department") in December 2012. (SR91.) On direct appeal, Petitioner's appellate counsel argued that: (1) trial counsel was ineffective because he did not challenge the search warrant prior to considering a judicial diversion program, (2) Petitioner's waiver of his right to appeal under the plea was invalid, (3) the court erred by refusing to permit Petitioner to withdraw his guilty plea, and (4) Petitioner's sentence was harsh and excessive. (SR70-86.) Petitioner submitted a supplemental *pro se* brief contending that (1) his plea violated his constitutional rights, (2) the search and seizure violated the Fourth Amendment, and (3) his counsel was ineffective because he (a) coerced Petitioner into taking the plea bargain, (b) failed to conduct a reasonable investigation or move for a suppression hearing, and (c) had a conflict of interest. (SR114-32.)

On November 14, 2014, the Fourth Department issued a decision unanimously affirming the judgment and specifically finding that

Petitioner's claim of ineffective assistance of trial counsel lacked merit. *See People v. Smith*, 122 A.D.3d 1300 (4th Dep't 2014). The court did not specifically reach Petitioner's argument that the search and seizure violated the Fourth Amendment. Petitioner sought leave to appeal the Fourth Department's decision in the New York Court of Appeals on the ground of ineffective assistance of counsel. (SR226.) The Fourth Department denied leave on June 29, 2015. (SR227.)

### E. Petitioner's Post-Judgment Collateral Motions

Petitioner filed a *pro se* CPL § 440.10 motion in December 2012 arguing that he was illegally searched in violation of his 4th, 5th, and 14th Amendment rights, and received ineffective assistance of trial counsel because, among other things, his attorney (1) failed to move to suppress evidence, (2) failed to investigate the search warrant, (3) failed to seek a suppression hearing, (4) coerced him into waiving his right to appeal and post-judgment review, and (5) coerced him into entering a judicial diversion program. (SR11-12, 38, 40, 44-49.) On October 30, 2013, the County Court (Morinello, J.) denied Petitioner's claim of ineffective assistance of counsel in its entirety, concluding that Petitioner's allegations in his affidavit were contradicted by the court record and unsupported by any other evidence. (SR61.) The County Court did not consider Petitioner's illegal search claim. Petitioner sought

leave to appeal on the same grounds, but the Fourth Department denied leave. (SR62-69.)

F.  **Petitioner's Initial § 2254 Motion**

During the pendency of his direct appeal and second CPL § 440.10 motion, Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 in this Court. *Smith v. Graham*, No. 1:-13-cv-00349-RJA-HBS. In June 2013, before the County Court decided his second CPL § 440.10 motion, and before the Fourth Department decided his direct appeal, Respondent moved to dismiss the § 2254 petition because Petitioner's claims were unexhausted. On March 3, 2014, the Court (Arcara, D.J.) dismissed the petition, without prejudice, pending Petitioner's exhaustion of his state court remedies. *Smith v. Graham*, No. 1:-13-cv-00349-RJA-HBS (Docket 16).

G.  **The Pending Habeas Petition**

In his petition and memorandum of law, both dated August 9, 2015, Petitioner appears to allege the following claims, which the Court has renumbered as follows: (1) his attorney was ineffective because he: (a) failed to investigate Fourth Amendment issues (Petition ("Pet.") (Docket No. 1), Ground Four; (b) failed to move to suppress evidence (*id.*); (c) coerced him to sign a waiver of indictment (*id.*); (d) coerced him to sign a waiver of his right to appeal (*id.*); and (e) coerced him to sign the judicial diversion program contract (*id.*); and (2) the search and seizure was illegal

-7-

because the police lacked probable cause to search him (Pet., Ground Two). In connection with his search and seizure claim, Petitioner also asserts that it was unlawful because he had a legitimate expectation of privacy in the apartment searched (Pet., Ground Three).

Respondent filed an answer and memorandum of law in opposition to the petition. Petitioner did not file a traverse.

### III. Standard of Review

28 U.S.C. § 2254 "authorizes a federal court to grant a writ only where a state holds a Petitioner in its custody in violation of 'the Constitution or laws or treaties of the United States.'" *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)). Because the instant petition post-dates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, Petitioner can obtain a writ of habeas corpus only if he can demonstrate that the state courts' adjudication on the merits of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**IV. Grounds Asserted in the Petition**

    **A. Ineffective Assistance of Counsel**

Petitioner argues that trial counsel was ineffective in violation of his Sixth Amendment Rights. In particular, he contends that counsel: (1) coerced him to sign (a) a waiver of indictment, (b) a waiver of the right to appeal, and (c) a judicial diversion program contract; (2) failed to investigate Fourth Amendment issues; and (3) failed to move to suppress evidence.

Respondent argues that Petitioner's claims that his attorney was ineffective because he coerced Petitioner to sign the appeal waiver and judicial diversion program contract lack merit. Respondent further argues that Petitioner's Fourth Amendment claims are barred under the doctrine of *Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

        **1. Legal Standard**

Under well-established Supreme Court authority, in order to prevail on an ineffective assistance of counsel claim a petitioner must show both that (1) his or her counsel's performance was deficient, in that it failed to conform to an objective standard of reasonableness, and (2) that deficiency caused actual prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be constitutionally deficient, the attorney's conduct must fall "outside the wide range of professionally competent assistance." *Id.* at 690. Courts judge an attorney's performance against this standard in light of the totality of the circumstances and from the perspective of counsel at the time of trial, with every effort

being made to "eliminate the distorting effects of hindsight." *Id.* at 689.

Courts generally presume under *Strickland* that an attorney will render constitutionally adequate assistance and afford attorneys "a heavy measure of deference" by assuming that they will make significant decisions by exercising sound professional judgment. *Id.* at 691. A defendant establishes prejudice by showing that there is a "reasonable probability" that but for counsel's deficiencies "the result of the proceeding would have been different." *Id.* at 694.

### 2. Ineffective Assistance of Counsel Relating to Events Prior to Guilty Plea

"A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Instead, "'[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" *Coffin*, 76 F.3d at 497 (quoting *Tollett*, 411 U.S. at 267 (second alteration in original)). "[C]laims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea." *Vasquez v. Parrott*, 397 F.Supp.2d 452, 463 n.5 (S.D.N.Y. 2005).

Petitioner alleges that counsel failed to investigate violations of his Fourth Amendment rights and did not move to suppress certain evidence resulting from that violation. Pet. at 4-6; Pet. Br. at 13-16. When Petitioner raised his suppression-related allegations of ineffective assistance on direct appeal, the Fourth Department found that his contentions did "not survive [his] plea or [his] valid waiver of the right to appeal because [he] failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance." *Smith*, 122 A.D.3d at 1301 (alterations in original).

To raise a claim of ineffective assistance of counsel related to events that occurred prior to the entry of the guilty plea, Petitioner must show that his attorney's alleged ineffective assistance in those matters pertained to counsel's advice regarding Petitioner's decision whether to plead guilty. *Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008) (citations omitted).

Here, however, Petitioner has not demonstrated a link between the errors purportedly committed by counsel prior to the plea and the allegedly involuntary nature of Petitioner's decision to plead guilty. *See Cortez v. United States*, Nos. 09 CV 7220(DAB), 05 CR 55(DAB), 2011 WL 666245, at *6 (S.D.N.Y. Feb. 10, 2011) ("While the purported ineffectiveness of [§ 2255] Petitioner's counsel regarding the pre-plea issues may have changed Petitioner's strategic bargaining position, Petitioner has not connected the

purported ineffectiveness with the knowing and voluntary nature of his decision to plead guilty.") (citing *Parisi*, 529 F.3d 138-39).

Because the instant claims do not relate to the voluntariness of the plea itself, *Parisi* bars this Court from review. *See, e.g.*, *Cobb v. Unger*, No. 09-CV-0491, 2013 U.S. Dist. LEXIS 31572, at *14-15 (W.D.N.Y. Mar. 5, 2013) (holding petitioner's voluntary guilty plea waived ineffective assistance of counsel claim alleging counsel failed file pretrial motions or properly investigate case).

### 3. Petitioner's Allegedly Coerced Waiver of Certain Rights

Petitioner also argues that counsel "coerced [him] into signing a Waiver of Appeal, Post-Judgment Review Rights, and a Judicial Diversion Contract." Pet. at 5; Pet. Br. at 4. When Petitioner raised the issue of trial counsel's alleged coercion on direct appeal to the Fourth Department, that court concluded that the "County Court's plea colloquy and defendant's execution of a written waiver of the right to appeal demonstrate that defendant's waiver of the right to appeal was a knowing and voluntary choice," and "defendant was adequately apprised . . . that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty.'" *Smith*, 122 A.D.3d at 1301 (alteration in original; internal quotation marks omitted). Petitioner also raised these arguments in his second CPL § 440.10 Motion. (SR44.) On October 30, 2013, the County Court denied that motion "in all respects." The County Court specifically found that

the plea minutes contradicted Petitioner's claims that his attorney coerced him to plead guilty and did not explain the appeal waiver. (SR-59.) Petitioner sought leave to appeal "each and every part" of the County Court's order. (SR-62-67.) On December 19, 2013, the Appellate Division, Fourth Department, denied leave to appeal. (SR-69.)

Where a Petitioner claims that counsel was ineffective in recommending a guilty plea, "in order to satisfy the 'prejudice' requirement, the [Petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Significantly, Petitioner does not provide any factual explanation as to how his counsel coerced him into signing the diversion contract and waiving his right to appeal and to post-judgment review. Both the County Court and trial counsel explained the waivers to him, and Petitioner confirmed that he had no questions and that he was signing the waivers "freely and voluntarily," after having consulted with his attorney. (P. 8-10; SR96.) Because nothing in the record supports Petitioner's assertion that counsel coerced Petitioner, his claims of coercion are therefore denied.

### 4. Petitioner's Unexhausted Ineffective Assistance of Counsel Claim

Petitioner's claim that counsel was ineffective because he coerced him to sign a waiver of indictment is unexhausted because

Petitioner has never raised it in state court. Since the claim is apparently based on matters outside the record, Petitioner should have raised it in a C.P.L. § 440.10 motion. *See, e.g.*, *Alston v. Donnelly*, 461 F. Supp. 2d 112, 123 (W.D.N.Y. 2006) ("When a claim, such as ineffective assistance of trial counsel, is based on matters *dehors* the record, New York courts do not require a defendant to raise it on direct appeal; rather, a collateral motion under C.P.L. § 440.10 is the general avenue for pursuing such a claim.") (citations omitted). Petitioner here may still file such a motion, but this Court declines to stay these proceedings pending such a motion because the unexhausted ineffective assistance claim is plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[T]he district court would abuse its discretion if it were to grant [the petitioner] a stay when his unexhausted claims are plainly meritless").

Pursuant to AEDPA, a district court now has the discretion to deny (but not grant) habeas petitions containing unexhausted claims. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Here, the Court finds that reliance on 28 U.S.C. § 2254(b)(2) "is appropriate" given that the claim is "unquestionably meritless," and its "lack of merit is not subject to debate by reasonable jurists." *Mills v. Lempke*, No. 11-CV-0440

MAT, 2013 WL 435477, at *5 (W.D.N.Y. Feb. 4, 2013) (citations omitted).

At the plea hearing, Petitioner stated under oath that he had discussed the waiver with his attorney and understood that by signing it, he was giving up his right to have the People present his case to a grand jury, to testify before the grand jury, and to have the grand jury determine whether to indict him. (March 22, 2015 Transcript at 4-5.) These statements by Petitioner, made under oath and in open court, "belie [his] claims of coercion, duress, threats, involuntariness, fraud, manipulation, and misrepresentation." *Montstream v. Sup't, Bedford Hills Corr. Fac.*, No. 06-CV-0787 RJA VEB, 2011 WL 284461, at *6 (W.D.N.Y. Jan. 4, 2011) (citing *Blackledge v. Allison*, 431 U.S. 63, 71-74 (1977)), *rep. and rec. adopted*, 2011 WL 283252 (W.D.N.Y. Jan. 25, 2011), *aff'd*, 486 F. App'x 164 (2d Cir. 2012).

Accordingly, Petitioner's ineffective assistance of counsel claims relating to events prior to his guilty plea are dismissed in their entirety.

### B. Illegal Search and Seizure

Petitioner also contends that, in searching his person and apartment, police (1) violated his legitimate expectation of privacy (2) acted without probable case, and (3) violated his "Fourth, Fifth, and Fourteenth Amendment's Equal Protection and Due Process Clauses" because of a violation of the "exclusionary rules." Pet. at 6-7; Pet. Br. at 6-12.

Petitioner's challenges to his search based on a legitimate expectation of privacy, the exclusionary rule, and probable cause, are Fourth Amendment claims. Although raised by Petitioner in his direct appeal and second CPL § 440.10 motion, state courts have failed to adjudicate the claims.

AEDPA's deferential standard does not apply where a petitioner has presented a claim to a state habeas court but the state court failed to adjudicate it; in such case, a federal district court would normally address the claim *de novo*. *Borcyk v. Lempke*, No. 10-CV-6137 MAT, 2012 WL 1252634, at *9 (W.D.N.Y. Apr. 13, 2012) (citing Cone v. Bell, 556 U.S. 449, 472 (2009) ("Because the Tennessee courts did not reach the merits of Cone's [habeas] claim, federal habeas review is not subject to the deferential standard that applies under AEDPA to 'any claim that was adjudicated on the merits in State court proceedings.' 28 U.S.C. § 2254(d). Instead, the claim is reviewed de novo.")). However, because these claims are Fourth Amendment claims which cannot be reviewed on the merits in this habeas proceeding under the doctrine of *Stone v. Powell*, the appropriate standard of review is immaterial.

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. "The Second Circuit has carved out two exceptions wherein federal habeas review might be

warranted: (1) "[i]f the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process." *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977).

A state provides "full and fair opportunity" to litigate a Fourth Amendment claim by providing a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69 (2d Cir. 1983). Here, New York clearly affords defendants the requisite corrective procedures. *See Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (noting federal courts have approved New York's procedure for litigating Fourth Amendment claims as facially adequate). It matters not whether Petitioner actually took advantage of the state's corrective procedures. As the Second Circuit has noted, *Stone* requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." *Gates*, 568 F.2d at 839 (emphasis added). *Stone* thus bars Petitioner's claim from habeas review.

Petitioner also challenges his search as a violation of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments. It is clear, however, that the basis of his claim is that the search violated his Fourth Amendment rights. "Attempts to find other names for that claim will not make it any

more cognizable in the context of a federal habeas petition." *Herrera v. Kelly*, 667 F. Supp. 963, 970 (E.D.N.Y. 1987) (holding that habeas petitioner's attempt to re-label Fourth Amendment violation as due process and equal protection violations unavailing under *Stone*); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Therefore, the analysis above under *Stone* equally applies to bar Petitioner's challenge to his search on Fifth and Fourteenth Amendment grounds. *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986) ("Even though due process violations, unlike some Fourth Amendment violations, are cognizable in a habeas proceeding in federal court, petitioner may not cloak his or her Fourth Amendment claim in due process clothing to circumvent *Stone v. Powell*." (citations omitted)).

Because *Stone* bars Petitioner's claims attacking the lawfulness of the search and seizure under the Fourth Amendment, the Court need not address Respondent's alternative argument that these claims are precluded under *Tollett v. Henderson* based on Petitioner's voluntary guilty plea.

## V. Conclusion

For the foregoing reasons, Petitioner's request for a writ of habeas corpus (Docket No. 1) is denied. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Petition is dismissed in its entirety, and the Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 31, 2017
         Rochester, New York